**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LUIS EDUARDO ORTEGA ARVELO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-2132-J |
| | ) | |
| FRED FIGUEROA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Petition) challenging his detention with Immigration and Customs Enforcement. [Doc. No. 1]. On November 12, 2026, the Court adopted United States Magistrate Judge Amanda L. Maxfield's Report and Recommendation, noting that Petitioner had not objected and had waived de novo review, granted the Petition to the extent it alleged Respondents violated the Immigration and Nationality Act (INA), and ordered Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days of the Order's date. [Doc. No. 13]. The Court entered Judgment the same day. [Doc. No. 14].

Petitioner now seeks to alter or amend the Judgment under Fed. R. Civ. P. 59(e) on grounds that he did not receive the Report and Recommendation until November 11, 2026 and thus could not meet the objection deadline. [Doc. No. 15]. "Such relief may be warranted because of an intervening change in the controlling law or the need to correct clear error or prevent manifest injustice." *Shields v. Pro. Bureau of Collections of Maryland, Inc.*, 55 F.4th 823, 830 (10th Cir. 2022) (cleaned up).

Because Petitioner did not receive the Report and Recommendation until after the objection deadline, the Court GRANTS his motion to alter or amend the judgment [Doc. No. 15] and

VACATES the Judgment [Doc. No. 14]. However, reviewing Petitioner's Fifth Amendment due process claim on de novo review, the Court again finds that the proper remedy in his case is a bond hearing and not immediate release.[1]

Petitioner entered the United States in September 2023 and was detained and then released on a discretionary Order of Release on Recognizance (OREC) the same month. That OREC instructed him that he "must report for any hearing or interview as directed by the Department of Homeland Security [(DHS)] . . ." and warned him that "[f]ailure to comply with the conditions of this order may result in revocation of your release and your arrest and detention" "without further notice." [Doc. 1, at Ex. 1, at 2]. In February 2026, Petitioner missed his reporting appointment and he was arrested and re-detained in July 2026.

Petitioner argues that his re-detention, without an individualized determination, violated his due process rights and he believes he is entitled to immediate release. But as Judge Maxfield concluded, 8 U.S.C. § 1226 permits DHS to "at any time . . . revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." § 1226(a)(2), (b); *see also* 8 C.F.R. §§ 236.1(c)(9), 1236.1(c)(9). And importantly here, (1) Petitioner's release was an exercise of DHS's discretion and not an immigration judge's bond determination, (2) his liberty was conditional, (3) he was *already* on notice that failure to appear for an appointment would warrant revocation without further notice, and (4) he admitted to violating the terms of his OREC when he failed to appear. Under these circumstances, Respondents did not violate Petitioner's due process rights when they re-detained him. *See, e.g.*, *Singh v. Gantt*, No. CIV-26-863-R, 2026 WL 2431265, at *8 (W.D. Okla. Aug. 19, 2026) (finding

---

[1] The Court incorporates its findings regarding Petitioner's entitlement to a bond hearing under *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). [Doc. No. 13 at 1-2].

no due process violation in a revocation of an OREC without prior notice), *adopted*, 2026 WL 2572145 (W.D. Okla. Aug. 31, 2026).

Accordingly, having reviewed Petitioner's arguments [Doc. No. 1, 10, 15] on de novo review, the Court ADOPTS the Report and Recommendation [Doc. No. 11], GRANTS Petitioner's Petition in so far as it alleges Respondents violated the INA, and DENIES Petitioner's Petition to the extent it alleges a Fifth Amendment due process violation. The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days of the November 12, 2026 Order, or release Petitioner if no hearing occurs within that period. Respondents shall certify compliance within ten days of the November 12, 2026 Order.

A separate judgment will enter.

IT IS SO ORDERED this 19th day of November, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE